THE PEOPLE'S LAW FIRM, PLC
645 North 4th Avenue, Suite A
Phoenix, Arizona  85003
Telephone:  (602) 456-1901
Facsimile:   (602) 801-2834
www.the-plf.com

Stephen D. Benedetto (Ariz. Bar No. 022349)
benedetto@the-plf.com

*Attorneys for Plaintiff Yajaira Enriquez*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yajaira Enriquez, a married woman, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Joshua Beeks, a City of Phoenix Police Officer; Clint Crockett, a City of Phoenix Police Officer; Joseph Mayfield, a City of Phoenix Police Officer; Jorge Ortega, a City of Phoenix Police Officer; Phillip Vavrinect, Jr., a City of Phoenix Police Officer; Randolph Palmer, a City of Phoenix Police Officer; and Jesse Williams, a City of Phoenix Police Officer, | (JURY TRIAL DEMANDED) |
| Defendants. | |

For her Complaint against Defendants, Plaintiff Yajaira Enriquez, through undersigned counsel, hereby alleges as follows:

**INTRODUCTION, JURISDICTION AND VENUE**

1.     In the early morning hours of June 29, 2016, Yajaira Enriquez mistakenly locked herself out of her home after seeing her husband off to work.  While she was attempting to rouse her children to let her back in, she was confronted by City of Phoenix Police Officers.  The Officers followed her into her backyard, assaulted her, and entered her home without a warrant.  They then failed to document this interaction with a police report, making their identification possible only through a Professional Standards complaint

initiated by Ms. Enriquez.  This is a civil rights complaint against the Officers that have been identified by the City of Phoenix as involved in the assault.

2. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(a)(3)(4) and 1367(a). This Court has jurisdiction over Plaintiff's claims for violation of her civil rights under 42 U.S.C. § 1983.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the acts and omissions that give rise to this action occurred within this District and this Court otherwise has jurisdiction.

4. This case presents an actual case in controversy arising under the Fourth and Fourteenth Amendments to the United States Constitution, and under the provisions of 42 U.S.C. §§ 1983 and 1988.

**PARTIES**

5. Plaintiff Yajaira Enriquez is a married woman residing in Maricopa County, Arizona.

6. Upon information and belief, Defendant Joshua Beeks is a sworn police officer for the City of Phoenix, working and residing in Maricopa County, Arizona.

7. Upon information and belief, Defendant Clint Crockett is a sworn police officer for the City of Phoenix, working and residing in Maricopa County, Arizona.

8. Upon information and belief, Defendant Joseph Mayfield is a sworn police officer for the City of Phoenix, working and residing in Maricopa County, Arizona.

9. Upon information and belief, Defendant Jorge Ortega is a sworn police officer for the City of Phoenix, working and residing in Maricopa County, Arizona.

10. Upon information and belief, Defendant Phillip Vavrinect, Jr. is a sworn police officer for the City of Phoenix, working and residing in Maricopa County, Arizona.

11. Upon information and belief, Defendant Jesse Williams is a sworn police officer for the City of Phoenix, working and residing in Maricopa County, Arizona.

12. At all relevant times to this Complaint, Defendants Beeks, Crocket, Mayfield, Ortega, Vavrinect, and Williams were acting in furtherance of their respective marital communities.

13. Every act and omission of the employees, representatives, and agents of Defendants detailed in this Complaint was performed under the color and pretense of the Constitutions, statutes, ordinances, regulations, customs and uses of the United States of America, the State of Arizona, and the City of Phoenix, by virtue of their authority as sworn officers.

**GENERAL ALLEGATIONS**

14. At all times relevant to this complaint, Plaintiff Yajaira Enriquez and Ruben Arroyo were in a committed domestic partnership. Since the events that led to this complaint, Ms. Enriquez and Mr. Arroyo were married.

15. At all times relevant to this complaint, Ms. Enriquez and Mr. Arroyo were living in Tolleson, Arizona, with their 4-year-old son.

16. At the time of the events that gave rise to this complaint, Ms. Enriquez was a 21-year-old woman. She was 5'2" tall and weighed 99 pounds.

17. At the time of the events that gave rise to this complaint, Mr. Arroyo was working the early (5 a.m.) shift for the United Dairymen of Arizona, located in Tempe.

18. On June 29, 2016, Ms. Enriquez awoke shortly before 4 a.m. to see Mr. Arroyo off to work.

19. She walked her partner outside to his car, kissed him goodbye, and watched him leave for work.

20. When Ms. Enriquez returned to her front door she discovered that she was locked out.

21. Barefoot, wearing only a tee-shirt and shorts, and without her cell phone, Ms. Enriquez attempted to awaken her son, as well as her 10-year-old brother (who had spent

the night with them) by knocking on the door quietly.

22.    When her knocking was ineffective, Ms. Enriquez increased the volume of the knocking and began calling for the children.

23.    After some time the Defendants arrived at Ms. Enriquez's home.

24.    Uniformed, on-duty, and driving City of Phoenix patrol vehicles, the Defendants immediately confronted Ms. Enriquez, asking her for identification.

25.    Standing in her front yard, Ms. Enriquez explained that she was locked out of her home, her children were asleep, and she did not anything – her cell phone, wallet, or identification – on her.

26.    The Defendants continued questioning her, expressing skepticism and accusing her of lying to them.

27.    Ms. Enriquez then terminated the interaction, entering her fully walled backyard.

28.    While Ms. Enriquez was in her backyard, the Defendants verified with neighbors that Ms. Enriquez lived in the home.

29.    Rather than ending the call and leaving Ms. Enriquez's property, the Defendants forcibly entered Ms. Enriquez's backyard without a warrant and without her consent.

30.    The Defendants then tackled Ms. Enriquez, slamming her to the ground, injuring her shoulder, legs, and feet, and grinding her face into the ground before handcuffing her and leaving her in her backyard.

31.    The Defendants then forcibly entered the home's backdoor, drew their guns, and cleared the house at gunpoint.

32.    After confirming that, as she had informed them, only Ms. Enriquez's son and brother where in the home, as she had instructed them, the Defendants removed Ms. Enriquez's handcuffs and left.

33.     The Defendants did not cite Ms. Enriquez, take her into custody, or book her into jail for committing any offense.

34.     The Defendants did not leave a business card, citation, incident report number or anything else for Ms. Enriquez to identify them by.

35.     Later that morning, Ms. Enriquez was concerned that she may be suffering from a head injury and presented to the Emergency Department at Banner Estrella Medical Center.

36.     Upon presentation at the hospital, Ms. Enriquez was documented as having suffering from abrasions on both knees, left elbow, right shoulder, and right side of face.

37.     Grateful that she did not have any more serious injuries, but mortified at how she was treated, Ms. Enriquez called the Tolleson Police Department to request information on the call.

38.     Ms. Enriquez was later informed by Tolleson Police that they had no record of a call to her property, but that the City of Phoenix had an Incident Report Number of 2016-01195876 assigned to the call.

39.     After calling and failing to obtain any information from the City of Phoenix Police Department, Ms. Enriquez initiated a citizen's complaint with the Professional Standards Bureau, which ultimately identified Defendants as the officers involved.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Excessive Force in Violation of Fourth Amendment**
**to the United States Constitution**

40.     Ms. Enriquez hereby incorporates by reference the allegations contained in the foregoing paragraphs as if they were fully set forth herein.

41.     42 U.S.C section 1983 provides, in relevant part, as follows:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory of the District of Columbia subjects or causes to be subjected any

citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

42 U.S.C. § 1983.

42.     Ms. Enriquez is a citizen of the United States; Defendants Joshua Beeks, Clint Crockett, Joseph Mayfield, Jorge Ortega, Phillip Vavrinect, Jr., Randolph Palmer, and Jesse Williams (collectively, "Defendants") are all "persons" as that term is defined by 42 U.S.C. § 1983.

43.     Defendants were, at all times relevant hereto, acting under the color of law in their capacities as City of Phoenix police officers; their acts and omissions were conducted within the scope of their official duties or employment.

44.     At the time of the complained-of events, the Fourth Amendment to the United States Constitution clearly established Ms. Enriquez's right to be secure in her person from unreasonable seizure through excessive force.

45.     At the time of the complained-of events, any reasonable police officer would have known that the Constitution clearly establishes the right of American citizens to be secure in their persons from unreasonable seizure through excessive force.

46.     Defendants' actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting her and violated Plaintiff's rights.

47.     Defendants' actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Ms. Enriquez's federally protected rights.

48.     Defendants engaged in the above-described conduct willfully, maliciously, in bad faith, with willful indifference to and in reckless disregard of Ms. Enriquez's federally protected constitutional rights, and with conscious awareness that they would cause Ms.

Enriquez to suffer physical, emotional, and psychological injuries.

49.    Defendants' acts and/or omissions were moving forces behind Ms. Enriquez's injuries, intentionally depriving her of her constitutional rights and causing her other damages.

50.    Defendants are not entitled to qualified immunity for the conduct complained of in this Complaint.

51.    As a proximate result of Defendants' unlawful and unconstitutional conduct, Ms. Enriquez suffered injuries and other damages and losses as described herein entitling her to compensatory, economic, consequential and special damages in an amount to be determine at trial.

52.    Ms. Enriquez is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

53.    In addition to compensatory, economic, consequential and special damages, Ms. Enriquez is entitled to punitive damages against Defendants under 42 U.S.C. § 1983, in that the actions of these Defendants were taken maliciously, willfully, or with a reckless disregard of Plaintiff's constitutional rights.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Unlawful Warrantless Entry into Property in Violation of the**
**Fourth Amendment to the United States Constitution**

54.    Ms. Enriquez hereby incorporates by reference the allegations contained in the foregoing paragraphs as if they were fully set forth herein.

55.    42 U.S.C section 1983 provides, in relevant part, as follows:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory of the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or

other appropriate proceeding for redress . . .

56.     Ms. Enriquez is a citizen of the United States; Defendants are all "persons" as that term is defined by 42 U.S.C. § 1983.

57.     Defendants were, at all times relevant hereto, acting under the color of law in their capacities as City of Phoenix police officers; their acts and omissions were conducted within the scope of their official duties or employment.

58.     At the time of the complained-of events, the Fourth Amendment to the United States Constitution clearly established Ms. Enriquez's right to be secure in her property from unreasonable search.

59.     At the time of the complained-of events, any reasonable police officer would have known that the Constitution clearly establishes the right of American citizens to be secure in their property from unreasonable search.

60.     Defendants' warrantless entry and search of Ms. Enriquez's property, as described herein, was objectively unreasonable in light of the facts and circumstances confronting them and violated Plaintiff's rights.

61.     Defendants engaged in the above-described conduct willfully, maliciously, in bad faith, with willful indifference to and in reckless disregard of Ms. Enriquez's federally protected constitutional rights, and with conscious awareness that they would cause Ms. Enriquez to suffer emotional and psychological injuries.

62.     Defendants' acts and/or omissions were moving forces behind Ms. Enriquez's injuries, intentionally depriving her of her constitutional rights and causing her other damages.

63.     Defendants are not entitled to qualified immunity for the conduct complained of in this Complaint.

64.     As a proximate result of Defendants' unlawful and unconstitutional conduct, Ms. Enriquez suffered injuries and other damages and losses as described herein entitling

her to compensatory, economic, consequential and special damages in an amount to be determine at trial.

65.     Ms. Enriquez is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

66.     In addition to compensatory, economic, consequential and special damages, Ms. Enriquez is entitled to punitive damages against Defendants under 42 U.S.C. § 1983, in that the actions of these Defendants were taken maliciously, willfully, or with a reckless disregard of Plaintiff's constitutional rights.

**THIRD CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Unlawful Arrest and Detention in Violation of the**
**Fourth Amendment to the United States Constitution**

67.     Ms. Enriquez hereby incorporates by reference the allegations contained in the foregoing paragraphs as if they were fully set forth herein.

68.     42 U.S.C section 1983 provides, in relevant part, as follows:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory of the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

69.     Ms. Enriquez is a citizen of the United States; Defendants are all "persons" as that term is defined by 42 U.S.C. § 1983.

70.     Defendants were, at all times relevant hereto, acting under the color of law in their capacities as City of Phoenix police officers; their acts and omissions were conducted within the scope of their official duties or employment.

71.     At the time of the complained-of events, the Fourth Amendment to the United States Constitution clearly established Ms. Enriquez's right to be free from arrest and

detention without an officer having probable cause to believe the citizen had committed a crime (hereinafter "unlawful arrest and detention").

72.    At the time of the complained-of events, any reasonable police officer would have known that the Constitution clearly establishes the right of American citizens to be free from unlawful arrest and detention.

73.    By seizing Ms. Enriquez's person, pinning her to the ground, and handcuffing her, and preventing her from leaving, Defendants effected an unlawful arrest and detention.

74.    Defendants engaged in the above-described conduct willfully, maliciously, in bad faith, with willful indifference to and in reckless disregard of Ms. Enriquez's federally protected constitutional rights, and with conscious awareness that they would cause Ms. Enriquez to suffer emotional and psychological injuries.

75.    Defendants' acts and/or omissions were moving forces behind Ms. Enriquez's injuries, intentionally depriving her of her constitutional rights and causing her other damages.

76.    Defendants are not entitled to qualified immunity for the conduct complained of in this Complaint.

77.    As a proximate result of Defendants' unlawful and unconstitutional conduct, Ms. Enriquez suffered injuries and other damages and losses as described herein entitling her to compensatory, economic, consequential and special damages in an amount to be determine at trial.

78.    Ms. Enriquez is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

79.    In addition to compensatory, economic, consequential and special damages, Ms. Enriquez is entitled to punitive damages against Defendants under 42 U.S.C. § 1983, in that the actions of these Defendants were taken maliciously, willfully, or with a reckless disregard of Plaintiff's constitutional rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Yajaira Enriquez requests that the Court enter judgment against Defendants as follows:

a. For damages in an amount to compensate Ms. Enriquez fairly and fully for the numerous violations of her Constitutional Rights;

b. For general, consequential, special, and compensatory damages, including but not limited to her pain and suffering, mental anguish, emotional suffering, and loss of enjoyment of life;

c. For nominal damages as provided for by law;

d. For punitive damages in an amount sufficient to punish defendants and deter them from similar unconstitutional and unlawful conduct in the future;

e. For prejudgment interest on all liquidated sums;

f. For attorneys' fees under 42 U.S.C. §§ 1983 and 1988;

g. For Ms. Enriquez's costs and other expenses incurred in this action; and

h. Such other and further relief as the Court deems just.

**DATED** this 27th day of June, 2018.

THE PEOPLE'S LAW FIRM, PLC
645 North 4th Avenue, Suite A
Phoenix, Arizona 85003


By: /s/ Stephen D. Benedetto
       Stephen D. Benedetto

- 11 -